UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deutsche Bank National Trust Company, *as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2*,<br><br>Plaintiff,<br><br>vs.<br><br>Eugene Elmore; Gwendolyn Elmore, *a/k/a Gwendolyn Beverly Frazier*; Nadine Harpignies-Rohn; South Carolina Department of Revenue; and United States of America, *acting by and through its agency The Internal Revenue Service*,<br><br>Defendants. | C/A: 2:15-4560-DCN-BM<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

The pro se Defendant Eugene Elmore (Defendant) filed a notice of removal on November 10, 2015, which purports to remove Civil Action No. 2011-CP-08-02434, from the Court of Common Pleas of Berkeley County, South Carolina. Defendant appears to asserts that removal of the state court mortgage foreclosure action is proper pursuant to 12 U.S.C. § 95a(2) and 8 U.S.C. § 1481. Notice of Removal, ECF No. 1 at 1. Plaintiff, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital 1 Inc. Trust 2006-NC2, Mortgage Pass-Through Certificates, Series 2006-NC2, filed a motion to remand on November 25, 2015, asserting that this action should be remanded to state court because this Court lacks jurisdiction, removal is defective because all Defendants have not joined in or consented to removal, and Defendant's notice of removal was not timely. Defendant did not file a response within the time permitted under the Federal Rules of Civil Procedure.

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Further, the burden is on the removing defendant to establish subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). In addition, "[r]emoval statues must be strictly construed against removal," Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."].

Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Here, Defendant appears to have based the removal of this case on federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the

2

plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted); see Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)[discussing the well-pleaded complaint rule]. Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

A careful review of the pleading in this case fails to reveal any basis for federal question jurisdiction. This is a state law foreclosure action, and a review of the complaint reveals that it is solely based on state law. See ECF No. 1-1, at 1-7. No federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013). Additionally, to the extent that Defendant is attempting to raise a defense to the foreclosure action based on a federal statute or constitutional amendment, such defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."]. Nor do the statutes cited, 12 U.S.C. §§ 95a(2)[1] and 8 U.S.C. § 1481,[2] establish removal jurisdiction.

---

[1] This statute authorizes the President of the United States to regulate foreign transactions during time of war. See 12 U.S.C. § 95a.

[2] Title 8 of the United States Code, Section 1481, governs the procedure of renouncing one's
(continued...)



3

Additionally, Defendant has not asserted removal based on diversity jurisdiction, but even if he had, Defendant is precluded as a matter of law from removing the case on the basis of diversity of citizenship because he is a citizen of South Carolina and because no federal question is presented on the face of Plaintiff's properly-pleaded complaint. See 28 U.S.C. § 1441(b)["A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."].

Therefore, Plaintiff's motion to remand should be granted for lack of subject matter jurisdiction in this Court. In the alternative, it is recommended that this action be remanded back to the state court sua sponte because this Court lacks subject matter jurisdiction (as discussed above). A district court is obligated to consider sua sponte whether jurisdiction is present and remand the case to state court if it determines that it lacks jurisdiction. See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Plaintiff's motion to remand should also be granted because Defendant failed to comply with the provision of the removal statute requiring all defendants to consent to removal of the action. In a case removed from state court to federal court based on federal question jurisdiction,

---

[2](...continued)
citizenship. Under this statute, a United States citizen "shall lose his nationality by voluntarily performing" any one of several listed acts "with the intention of relinquishing United States nationality." 8 U.S.C. § 1481(a). Even if Defendant is asserting that she has properly relinquished her United States citizenship, she would be an "alien" as defined in 8 U.S.C. § 1101(a)(3) and 8 U.S.C. § 1481, and would still be obligated to obey the laws of the United States and the individual states. Leonard v. Eley, 151 F.2d 409, 410 (10th Cir. 1945); see also Allah El v. Bronx County, No. 09 CV 8746(GBD), 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009)["Those who have voluntarily relinquished their citizenship, like other aliens, must obey the federal and applicable state laws, just as native-born and naturalized citizens are required to do."].

4

all properly joined and served defendants "must join in or consent to the removal of" such an action. 28 U.S.C. § 1446(b)(2)(A). However, Defendant provides no indication that the other defendants to the state court action (Gwendolyn Elmore also known as Gwendolyn Beverly Frazier, the South Carolina Department of Revenue, the United States of America acting by and through its agency the Internal Revenue Service, and Nadine Harpingnies-Rohn -see state court complaint, ECF No. 1-1 at 1) have consented to the removal of this case from state court.[3] Thus, Defendant has failed to comply with this provision of the removal statute. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006); Wells Fargo Bank, N.A. v. Hunt, C/A No. 6:13-1333-MGL-KFM, 2013 WL 6383255, at *3 (D.S.C. Nov. 22, 2013).

Additionally, Plaintiff's motion to remand should be granted because Defendant failed to timely file his notice of removal. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Defendant was personally served with the summons and complaint on September 6, 2011 (Affidavit of Service, ECF No. 6-2 at 2), but did not file his Notice of Removal until November 10, 2015, well past the 30-day deadline provided in 28 U.S.C. § 1446(b). The failure to file a timely notice is a defect in the removal procedure. Cades v. H & R Block Inc., 43 F.3d 869, 873 (4th Cir. 1994).

---

[3]To the extent Defendant Eugene Elmore is attempting to represent Gwendolyn Elmore, also known as Gwendolyn Beverly Frazier, or any other Defendant, he cannot do so. See Myers v. Loudoun Cnty. Publ. Sch., 418 F.3d 395, 400-401 (4th Cir. 2005)[a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others]; United States v. Kerner, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990)[plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties].

5

## Conclusion

Based on the foregoing, it is recommended that Plaintiff's motion to remand (ECF No. 6) be **granted** and this case be **remanded** back to state court. In the alternative, it is recommended that this action be remanded sua sponte for lack of subject matter jurisdiction in this Court.[4]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 23, 2015
Charleston, South Carolina

---

[4] While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued orders of remand in some circumstances, in light of Defendant's pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that Defendant can contest remand before the District Court Judge, if he so desires.



6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

